# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff-Respondent,<br>     v.<br><br>RAMON ALBERTO RABAGO-FELIX,<br><br>              Defendant-Movant. | Case No. 09cr04083 BTM<br><br>**ORDER DENYING § 2255 MOTION** |

On March 4, 2013, Defendant Ramon Alberto Rabago Felix ("Defendant") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons discussed below, the Court **DENIES** the motion.

### I. PROCEDURAL BACKGROUND

On June 10, 2010, a jury found Defendant guilty of possessing with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).

On September 20, 2010, judgment was entered. Defendant was sentenced to 120 months in the custody of the Bureau of Prisons and a five-year term of supervised release.

On September 21, 2010, Defendant filed a Notice of Appeal with the Ninth Circuit Court of Appeals. Defendant was represented by Anthony E. Colombo, Jr., Esq., during trial as well as on appeal.

On July 20, 2011, the Ninth Circuit affirmed the Court's judgment in a Memorandum

Disposition. On September 9, 2011, the Ninth Circuit's Mandate issued.

On January 4, 2013, the Ninth Circuit received from Defendant a request for information regarding Defendant's appeal. The request was dated December 31, 2012.

## II. DISCUSSION

Defendant's § 2255 motion has been filed beyond the one-year limitations period set forth in 28 U.S.C. § 2255(f). Defendant alleges that he is entitled to equitable tolling because he never received notice from the Ninth Circuit or his attorney that his appeal was unsuccessful. As discussed below, the Court is not convinced that Defendant has met his burden of establishing that equitable tolling is warranted.

Under 28 U.S.C. § 2255, the one-year period of limitation began running from the date on which the judgment of conviction became final.[1] Defendant's judgment became final on October 18, 2011, 90 days after the filing of the Memorandum Disposition, when the time for filing a petition for a writ of certiorari expired. United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000); Sup. Ct. R. 13.1. Thus, the limitations period expired on October 18, 2012. Defendant filed his § 2255 motion on March 8, 2013.

---

[1] Section 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant does not argue that subsection (f)(2), (f)(3), or (f)(4) apply to his case.

The statute of limitations contained in § 2255 is subject to equitable tolling. <u>United States v. Battles</u>, 362 F.3d 1195, 1197 (9th Cir. 2004). Equitable tolling is available when the movant shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way of timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence." <u>Holland v. Florida</u>, __ U.S.__, 130 S. Ct. 2549, 2565 (2010) (internal quotation marks omitted).

Defendant argues that the limitations period should be equitably tolled because neither the Ninth Circuit nor his lawyer informed him about the Memorandum Disposition filed on July 20, 2011. Courts have rejected similar equitable tolling arguments where the petitioner or movant has failed to show that he acted diligently in finding out the status of his appeal or other proceeding. In <u>LaCava v. Kyler</u>, 398 F.3d 271 (3d Cir. 2005), the one-year limitations period for filing a federal habeas petition was tolled pending the Pennsylvania Supreme Court's consideration of LaCava's petition for permission to appeal. However, LaCava did not file his habeas petition until more than 15 months after the Pennsylvania Supreme Court denied his petition for permission to appeal. LaCava argued that he had not received notice of the Pennsylvania Supreme Court's denial of his petition and that he acted diligently once he finally received notice. <u>Id.</u> at 276. The Third Circuit held that LaCava did not act with the requisite diligence because he waited twenty-one months from the filing of his petition for permission to appeal to inquire with the Pennsylvania Supreme Court about the status of his petition. <u>Id.</u> at 277. Before that time, he did nothing else to ensure that his claims were proceeding properly. <u>Id.</u> at 276. <u>See also Belalcazar-Vallealla v. United States</u>, 2010 WL 4735950 (M.D. Fla. Nov. 15, 2010) (rejecting movant's argument that he was entitled to equitable tolling due to lack of knowledge that his petition for writ of certiorari was denied by the Supreme Court because movant waited more than two years after the filing of his petition for writ of certiorari to request a status update on his petition and movant did not allege that he ever contacted his attorney about the petition).

As in <u>LaCava</u>, it appears that Defendant acted passively and did not take reasonable

steps to ensure that he was in compliance with filing deadlines. Defendant did not request information from the Ninth Circuit regarding his appeal until more than two years after his appeal had been filed. Furthermore, Defendant does not allege that he ever contacted his attorney to find out what happened to his appeal. The Court concludes that Defendant has not established that he acted with reasonable diligence in pursuing his claims. Therefore, Defendant is not entitled to equitable tolling, and Defendant's § 2255 motion is untimely.

Defendant's motion is also denied on the merits because the arguments Defendant raises are frivolous. Defendant contends that he received ineffective assistance of counsel because his trial attorney did not inform him that he could receive a lower sentence by pleading guilty, and his appellate attorney failed to raise this issue on appeal. However, whether Defendant went to trial or not, he could not have received a sentence lower than the 120-month mandatory minimum unless he satisfied the safety-valve requirements of USSG § 5C1.2. Defendant did not provide information to the Government as required by subsection (a)(5) of § 5C1.2. Defendant chose not to come in and debrief with the Government. (Tr. of Sentencing Hearing, 611.) Therefore, there is no prejudice.

Defendant also argues that he qualified for a minor role adjustment. However, as explained by the Court at sentencing, even if Defendant qualified for a minor role adjustment, absent safety valve, the statutory mandatory minimum sentence would still be 120 months. (Tr. at 619.) The Court did, in fact, agree with defense counsel that Defendant was a minor participant and accorded a minor role adjustment. (Tr. at 617.) Therefore, there was no deficient performance.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion is **DENIED**. The Court denies a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 17, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court